Carl R. GROMATZKY et al., Appellants,

v.

BLACKLANDS PRODUCTION CREDIT ASSOCIATION, Appellee.

No. 6090.

Court of Civil Appeals of Texas, Waco.

April 10, 1980.

Rehearing Denied May 1, 1980.

Dave McNeill, Jr. and Sam W. Davis, Jr., Vinson & Elkins, Houston, L. L. Geren, Bradley & Geren, Groesbeck, for appellants.

Joe Cannon, Cannon, Cannon & Reed, Groesbeck, for appellee.

HALL, Justice.

Under circumstances we need not detail, Maurice Doke and appellants Carl R. Gromatzky and Edward Rizk became the joint owners of a ranch in Freestone County containing 65.233 acres of land. Doke individually owned one-half of the ranch, and appellants Gromatzky and Rizk together owned one-half. On October 22, 1975, they signed an agreement partitioning the property. At that time they owed the principal balance of $250,000.00 on a purchase money note they had given as part of their consideration for the property. The note was secured by a deed of trust on the property.

Under the terms of the partition agreement Doke received 564.800 acres (approximately 65.3% of the original tract) and agreed to pay $205,000.00 (82%) of the $250,000.00 balance due on the note; and appellants received 300.433 acres (approximately 34.7%) and agreed to pay $45,000.00 (18%) of the balance of the note.

Eventually, Doke and appellants defaulted on the purchase money note, and the holder of the note caused a foreclosure sale under the deed of trust. The property sold for $433,000.00. The expenses of the sale totaled $61,057.31. The balance due on the note at the time of sale was $250,000.00. This left excess funds in the amount of $121,942.69 in the hands of the Trustee after deduction of the note balance and the sale expenses.

The sale was held on February 1, 1977. Immediately after the sale, on the same day, appellee Blackland Production Credit Association took possession of the excess funds from the Trustee by virtue of a writ of execution. Appellee had caused the writ to be issued under a judgment in the amount of $203,953.02 awarded to appellee against Doke, in the District Court of Limestone County on December 15, 1976, on a liquidated claim which was wholly extraneous to appellants. Thereafter, appellee refused to release any of the excess funds to appellants.

Appellants filed this suit for their claimed share of the $121,942.69 excess proceeds. However, they did not plead the partition agreement. They alleged that at the time of the foreclosure sale they owned one-half of the ranch property, and that they were therefore entitled to recover $60,971.35, being one-half of the excess proceeds. They also alleged that appellee had acted willfully and maliciously in the matter and wrongfully converted their share of the money; that they were entitled to $50,000.00 punitive damages and to an additional $15,000.00 as punitive damages for their attorneys' fees; and that they were also entitled to pre-judgment interest on their one-half share of the proceeds from February 1, 1977.

Appellee answered with a general denial and a special plea in which it admitted that it "was aware of a claim by plaintiffs on said land" when the writ of execution was issued, but that "plaintiffs are estopped from obtaining any monies to which they may have been entitled" because they did not attend the Trustee's sale and assert their claim.

The case was tried to the court without a jury on May 18, 1978. It resulted in a judgment rendered on March 8, 1979 awarding appellants a recovery of $42,-293.49 against appellee, with interest thereon at 9% from February 1, 1977, plus the additional recovery of $6,000.00 attorneys' fees.

Appellants moved the court to file findings of fact and conclusions of law upon which the judgment was based. In response, the court filed findings and conclusions which established that the parties voluntarily executed the partition agreement in exchange for valid consideration; that the agreement divided the ranch property in the acreages and percentages we have set forth above; and that the award of $42,293.49 to appellants of the excess funds of $121,942.69 was based upon appellants' percentage of ownership of the ranch property (34.7%) under the partition agreement. Finding number seven, which we deem especially critical to the rights of the parties, was as follows:

"7. I further find that the indebtedness on the property in the [partition agreement] was commensurate with the value of the land set aside to each party in said agreement in that Maurice Doke was given the more valuable land with improvements located thereon."

The appellate record also contains a complete statement of facts of the trial.

The partition agreement was introduced into the evidence by appellee. On the trial appellants contended, for reasons we need not detail, that the agreement was never finalized by the parties. However, on this appeal, appellants do not question the court's findings and conclusions that the agreement was effected. Rather, they rely upon the agreement and assert that the court erred in considering and rendering its judgment only upon their percentage of ownership of the land under the agreement, and in failing to also consider and base the judgment upon the percentages of the $250,000.00 indebtedness assumed by the parties in the agreement (18% by appellants; 82% by Doke).

Appellants say their share of the excess funds should be computed in this manner: 34.7% of the $433,000.00 sales price ($150,-251.00), less 18% of the $250,000.00 debt ($45,000.00) and less 18% of the $61,057.31 foreclosure sale expenses ($10,990.31), leaving appellants the net amount of $94,260.69. Appellee disputes appellants' contention, and, without seeking any affirmative relief, asserts that appellants actually received more than they were entitled to under the record. Appellee argues that appellants' 18% of the debt proportionally reflects the value of appellants' 34.7% of the land, and the trial court could have awarded appellants only 18% of the excess proceeds of sale instead of 34.7%.

Appellee's argument is correct in the light of finding of fact number seven. The court there found that the portion of the $250,000.00 indebtedness (18%) assumed by appellants equaled the value of the portion of the ranch property (34.7%) set aside to appellants. Under this finding, appellants were properly entitled to 18% of the excess proceeds, being $21,949.68.

Appellants assert that finding number seven is not supported by any evidence. Alternatively, they contend the finding is against the great weight and preponderance of the evidence. In support of these contentions they point to testimony which, in their words, "shows that Appellants had put more than $200,000.00 into this ranch deal while appellee's Doke had put no more than $50,000.00 plus some interest into it," and then they make this argument:

"The Partition Agreement shows the obvious *intent* of Appellants and Doke to balance the equities through *owelty* by Appellants taking less land which would naturally carry less debt but then, in or-

der to balance their whole situation involving other properties and arrangements, the Agreement was made for Doke to pick up 16.7% more of the indebtedness than his 65.3% of land would naturally bear, and, then, Appellants were to be responsible for 16.7% less than the 34.7% of the indebtedness that their land would naturally bear.

"Accordingly, there would simply be no consideration or reason for Appellants to take less of the property (and even less for them to take property valued at only 18% according to Appellee) unless there was an *owelty* arrangement by which Appellants would pay $160,000.00 less of the debt from their 34.7% of the land."

It is our view that the evidence does not require appellants' interpretation and resulting application of the partition agreement; and it is our holding that finding number seven is supported by both legally and factually sufficient evidence. There were circumstances other than appellants' investment of more money than Doke into the ranch purchase which also bear upon this finding. The purchase of the ranch was a part of a business transaction between Doke and appellants which also involved the purchase and sale of other property. The parties' interests in the other property, and, in fact, all of their interests in the business venture, were divided and settled in the partition agreement. They exchanged releases "from and against any and all claims, demands, rights or causes of action of whatsoever nature, whether known or unknown." The 565 acres of ranch property received by Doke had the house on it, and it was improved with bermuda grass. The 300 acres received by appellants was unimproved timber land. Additionally, it was provided in the partition agreement that appellants would not have any personal liability "with respect to any payments owing under the Note, or under any instrument or lien securing the payment thereof."

The evidence we have recited is legally sufficient to support the finding in question. Considering the whole record, we also hold that the finding is not so contrary to the great weight and preponderance of all of the evidence as to be manifestly unjust. That is the test. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661 (1952).

Appellants originally had other complaints asserting the court should have awarded them more for attorneys' fees plus additional punitive damages, but those complaints were expressly abandoned in their supplemental brief and need not be discussed.

Appellee does not have any cross points.

The judgment is affirmed.